IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN KEVIN FROST,

      Petitioner,                   No. CIV S-07-2220 WBS GGH P

   vs.

J. WALKER, Warden,

      Respondent.              <u>ORDER AND</u>

_____/     <u>FINDINGS & RECOMMENDATIONS</u>

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        This petition was filed on October 18, 2007, and received its first magistrate judge reassignment on January 17, 2008, from Magistrate Judge Brennan to Magistrate Judge Moulds, who subsequently reassigned the case to the undersigned, pursuant to Local Rule 81-190(d), on January 25, 2008. The prior petition that served as the basis for the second reassignment was erroneously stated, in the January 25, 2008 Order, to be No. CIV S-07-2220 WBS GGH P, which, of course, is the number assigned to the instant case. The correct prior case number is

1

1  No. 98-1949 WBS GGH P.  The prior petition, challenging the same 1996 conviction at issue
2  herein, was dismissed, on March 30, 1999, without prejudice.  Petitioner had failed to file a
3  second amended petition when his amended petition was dismissed for petitioner's failure to set
4  forth those claims that for which exhaustion of state court remedies had been demonstrated.

5        Because petitioner's first petition was dismissed without prejudice, the court will
6  not dismiss the present petition as successive.  On the other hand, astonishingly, after nearly a
7  decade, petitioner still fails to demonstrate that he has exhausted his state court remedies as to
8  any claim set forth in this petition.

9        The exhaustion of state court remedies is a prerequisite to the granting of a
10 petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must
11 be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,
12 thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
13 providing the highest state court with a full and fair opportunity to consider all claims before
14 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
15 Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

16       As noted, petitioner still does not show that his claims have been presented to the
17 California Supreme Court.  Further, there is no allegation that state court remedies are no longer
18 available to petitioner, although on the face of it, this petition is patently untimely.  Accordingly,
19 the petition should be dismissed without prejudice.[2]

20       Good cause appearing, IT IS HEREBY ORDERED that:

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/18/08

/s/ Gregory G. Hollows
_____
U.S. MAGISTRATE JUDGE

GGH:009
fros2220.103