IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN KEVIN FROST,

    Petitioner,               No. CIV S-07-2220 WBS GGH P

    vs.

J. WALKER, Warden,

    Respondent.          ORDER

                                   /

        This petition for writ of habeas corpus was dismissed on March 18, 2009, for failure to exhaust state court remedies and judgment therein entered accordingly. At the time, petitioner had been proceeding with retained counsel.[1] In a letter dated August 26, 2010, nearly a year and a half later, petitioner pro se filed a letter addressed to the undersigned. In an order, filed on September 2, 2010, this court directed that the letter be filed in the court's docket for petitioner's counsel's review and any appropriate response. Petitioner pro se was also served with a copy of the September 2, 2010 letter.

        Subsequently, on September 30, 2010, petitioner pro se, filed what has been

---

[1] However, no objections to the court's recommendation of dismissal for failure to exhaust state court remedies were submitted by counsel, notwithstanding that the court provided petitioner's counsel ample time to do so.

1

construed as a motion for clarification although this is not a filing, particularly at this late date, contemplated by the Federal Rules of Civil Procedure or the Federal Rules Governing § 2254 Cases. Petitioner pro se recounts again that he never heard from his counsel, Danny D. Brace, Jr., since his family had retained him to represent petitioner in this matter. In his motion, petitioner asks the undersigned whether his petition was submitted in propria persona or by his counsel. The docket indicates petitioner originally filed his petition in pro se (or in propria persona) and that Mr. Brace later substituted in as counsel for petitioner. Counsel for petitioner failed thereafter to communicate with the court.

Petitioner then asks whether he may proceed to exhaust his state court remedies pro se. The court cannot advise petitioner and cannot speak to whether or not any efforts to exhaust his state court remedies at this point might prove fruitful or not. It does appear self-evident, however, that his counsel in apparently failing to communicate with him is unlikely to be proceeding on his behalf and any efforts to pursue state court remedies would likely have to be made by petitioner pro se on his own behalf. Despite the undersigned's effort to respond to petitioner on this occasion, the inapposite motion for clarification must be vacated.

Accordingly, IT IS ORDERED that the Clerk of the Court is:

1. To VACATE the September 30, 2010 (docket # 16) motion for clarification from this court's calendar and the docket of this case;

2. To SERVE a copy of the instant order upon petitioner pro se by mail: Shawn Kevin Frost, Sr., CDC # H-86714 / P.O. Box 29 / California State Prison-Sacramento B4-206 / Represa, CA 95671; and

3. To DISREGARD future communication from petitioner in this matter.

DATED: December 8, 2010              /s/ Gregory G. Hollows

                                     UNITED STATES MAGISTRATE JUDGE

GGH:009
fros2220.ord2